NO. 07-08-0496-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MARCH 31, 2010

 

______________________________

 

 

TOMMY CORONADO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 222ND DISTRICT COURT OF DEAF SMITH
COUNTY;

 

NO. CR-07L-208; HONORABLE ROLAND SAUL, JUDGE

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

OPINION

            This case addresses the
question of whether a defendant's Sixth Amendment rights are violated when an
unavailable complainant's testimonial hearsay statements are admitted into
evidence pursuant to the statutory authority found in article 38.071, § 2(b).[1]  On November 19, 2008, following a plea of
"not guilty," Appellant, Tommy Coronado, was convicted by a jury of
the offense of aggravated sexual assault[2]
(Count I), a first degree felony, and indecency with a child[3]
(Count II), a second degree felony. 
Following a plea of "true" to the allegations contained in the
enhancement portion of the indictment, the jury assessed Appellant's sentence, as
to each offense, at confinement for life and a fine of $10,000.  Because the trial court did not order the
sentences to run consecutively, by operation of law, the sentences run
concurrently.[4]  By issues one and five, Appellant contends
the evidence is both legally and factually insufficient; and by issues two,
three, and four, he contends his constitutional right to confront and
cross-examine the complaining witness was abridged.  We affirm.

Background

            In early August 2007, Sylvester
Dominguez noticed that the personality of his three-year old daughter, R.D.,[5]
had dramatically changed.  In response to
questioning as to whether "anybody had touched her, anybody hurt her, anybody
touch her cookie,"[6]
R.D. responded "yes."  When
asked whether "Tommy" had done this, she again answered
"yes."  Based upon these
statements, on August 8, 2007, R.D. was examined by Danielle Livermore, a
sexual assault nurse examiner, and interviewed by Brandi Johnson, a forensic
examiner associated with the Bridge Children's Advocacy Center.  The sexual assault examination revealed that
R.D.'s hymen was irregular and showed evidence of healed trauma.  Based on this examination, Livermore
concluded that R.D. had been sexually assaulted.  In the forensic interview, R.D. stated that
Appellant had touched her "cookie" and that it hurt.  As a result of that information, on December
19, 2007, Appellant was indicted for aggravated sexual assault and indecency
with a child.

            On November 14, 2008, a pretrial
hearing was held to determine the admissibility of the videotaped recording of
R.D.'s August 8, 2007, forensic interview at the Bridge Children's Advocacy
Center, in accordance with the provisions of article 38.071 of the Texas Code
of Criminal Procedure.  At that hearing,
the court heard testimony from R.D.'s mother, Vanessa Dominguez, and a child
psychologist, Priscilla Kleinpeter, to the effect that requiring R.D. to give
testimony in the presence of Appellant, or even by closed-circuit television,
would have a significant traumatic impact on the child.   The
court then concluded that the child was "unavailable to testify" in
the presence of Appellant, as that term is used in article 38.071.[7]  Appellant has not contested the trial court's
determination of unavailability.  As a
condition precedent to the admissibility of that recording, the court then ordered
that Appellant have the opportunity to present written interrogatories to the
child through a subsequent recorded interview to also be conducted by Ms.
Johnson.  After discussing the pros and
cons of allowing the forensic interviewer the "leeway" of following
up on answers given by the child, as opposed to allowing counsel the
opportunity to present follow up written questions, the court determined that
allowing leeway was "the best way to do it."  Appellant's counsel did object to the general
procedure of allowing cross-examination through the use of written
interrogatories; however, no objection was made as to the specific procedure of
disallowing follow up questions. 
Accordingly, the issue of follow up questions was not preserved for
review and we express no opinion as to the propriety of this portion of the
procedure employed.  Following the
conclusion of the pretrial hearing, the interview on written questions was
conducted that day.

            At trial, in lieu of R.D.'s live
testimony, the State offered the videotaped recording of her August 8, 2007,
Bridge interview.  A videotaped recording
of the court-ordered interview on written interrogatories was also played for
the jury.  In addition to the recordings
of R.D.'s two forensic interviews, the jury heard testimony from Vanessa and
Sylvester Dominguez, as well as Danielle Livermore, Brandi Johnson, and Priscilla
Kleinpeter.  In addition to testifying on
his own behalf, Appellant offered the testimony of his mother, Maria Quintana,
and his wife, Victoria Coronado.  Upon
being duly charged, the jury returned a verdict of guilty as to both counts.  Judgment was entered and this appeal
followed. 

 

Legal and Factual Sufficiency

When, as here, an appellant
challenges both the legal and factual sufficiency of the evidence, we are
required to conduct an analysis of the legal sufficiency of the evidence first
and, then, only if we find the evidence to be legally sufficient, do we analyze
the factual sufficiency of the evidence. 
Clewis v. State, 922 S.W.2d 126, 133
(Tex.Crim.App. 1996).  We review
legal sufficiency by viewing the evidence in the light most favorable to the
verdict to determine whether, based on that evidence and reasonable inferences
to be drawn therefrom, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v. State,
214 S.W.3d 9, 13 (Tex. 2007).  The
conviction will then be sustained unless it is irrational or unsupported by
more than a Amere modicum@ of evidence.  Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim.App. 1988). 
The fact finder is the sole judge of the credibility of the witnesses
and of the weight to be afforded their testimony.  Barnes v. State, 876 S.W.2d 316, 321 (Tex.Crim.App. 1994).  Reconciliation of conflicts and
contradictions in the evidence is within the fact finder's province and is
usually conclusive.  See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex.App.--El Paso 1996,
pet. ref'd).  

When an appellant challenges the
factual sufficiency of the evidence supporting his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light,
the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex.Crim.App. 2004), overruled in part by Watson
v. State, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006).  In performing a factual sufficiency review,
we must give deference to the fact finder's determinations if supported by any
evidence and may not order a new trial simply because we may disagree with the verdict.  Watson,
204 S.W.3d at 417. 
As an appellate court, we are not justified in ordering a new trial
unless there is some objective basis in the record demonstrating that the great
weight and preponderance of the evidence contradicts the jury's verdict.  Id.

Additionally, as directed by the
Texas Court of Criminal Appeals, when conducting a factual sufficiency review,
we must include a discussion of the most important and relevant evidence that
supports the appellant's complaint on appeal. 
Sims v. State, 99 S.W.3d 600, 603
(Tex.Crim.App. 2003).  This does
not, however, mean that we are required to discuss all evidence admitted at trial. 
See id.  See also
Roberts v. State, 221 S.W.3d 659, 665
(Tex.Crim.App. 2007).

Analysis

In order to establish the offense of aggravated
sexual assault, the State was required to prove that Appellant intentionally or
knowingly caused the penetration of the sexual organ of a child who was then
and there younger than 14 years of age.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(1) and (2)(B) (Vernon Supp. 2009).  In order to establish the offense of
indecency with a child, the State was required to prove Appellant, with the
intent to arouse or gratify his sexual desire, intentionally or knowingly touched
the genitals of a child who was younger than 17 years and not Appellant's spouse.    See Tex. Penal Code Ann. § 21.11 (a)(1) (Vernon Supp. 2009).

            Reviewing the
evidence in the light most favorable to the verdict, the videotaped statements
of R.D. alone were sufficient to establish every essential element of the
offenses of aggravated sexual assault and indecency with a child.  While Appellant acknowledges that testimony
of a single witness can be legally sufficient to substantiate a finding of
guilt, Castillo v. State, 913 S.W.2d
529, 535 n.3 (Tex.Crim.App. 1995); Rodriguez
v. State, 955 S.W.2d 171, 174 (Tex.App.--Amarillo 1997, no pet.), he
contends that this principle has no application where the defense was given no opportunity
to rigorously cross-examine the complaining witness.  Appellant cites no authority supporting his
contention.  Without same, the issue is
inadequately briefed and, therefore, waived. 
See Tex. R. App. P. 38.1(h); Cardenas v. State, 30 S.W.3d
384, 393 (Tex.Crim.App. 2000).  

            Furthermore,
because Appellant's contentions concerning his right to cross-examine the
complaining witness are more fully discussed with respect to issues two, three,
and four, we overrule issue five challenging the legal sufficiency.  

            Appellant
contends the evidence is factually insufficient because, other than the medical
evidence of trauma to R.D.'s hymen, the State's case rests solely upon the
testimony of a three year old child as recorded in the forensic interviews of
Brandi Johnson and the hearsay statements of the child as given to Priscilla
Kleinpeter.  Appellant maintains that the
scarcity of evidence undermines both the issue of whether an offense occurred,
and whether he committed the offense, if one in fact did occur.  

            In addition
to the medical testimony and R.D.'s recorded statements implicating Appellant
in the commission of both offenses, the State offered R.D.'s outcry statement
to her father to the effect that Appellant hurt her by touching her
"cookie."  A child victim's
outcry statement alone can be sufficient to sustain a conviction for aggravated
sexual assault.  Rodriguez v. State, 819 S.W.2d 871, 873
(Tex.Crim.App. 1991).

 
          Appellant's suggestion
that he did not have an opportunity to commit the charged offenses was
contradicted by the testimony of R.D.'s mother, father, grandmother, and
great-grandmother, as well as Appellant's own testimony.  Furthermore, Appellant's suggestion that
R.D.'s physical symptoms could be rationally explained by other possibilities
does not preclude the possibility that they were caused by the criminal conduct
of Appellant.  As such, the jury was free
to listen to the evidence, judge the credibility of the witnesses, and make its
own determination as to the truth of the matters asserted.  Based upon the evidence presented, we cannot
say that the jury was not rationally justified in finding guilt beyond a
reasonable doubt.  In other words, we
conclude there is no objective basis in the record demonstrating that the great
weight and preponderance of the evidence contradicts the jury's finding of
guilt.  See Watson, 204 S.W.3d at 417.  Appellant's first issue challenging the
factual sufficiency is overruled.

Confrontation of Witnesses

            Appellant
contends that because he was allowed to cross-examine R.D.'s videotaped statements
only through the use of written interrogatories, presented by a third person,
via a videotaped interview, he was denied his right to face-to-face
confrontation and cross-examination as guaranteed by the Sixth Amendment.  The State contends that Appellant was accorded
every right guaranteed by the Sixth Amendment when the trial court, consistent
with provisions of section 2(b) of article 38.071, allowed him to submit
written questions that were then presented by a neutral individual and recorded
under the same or similar circumstances as the original interview.  Thus, the issue before this Court is whether
the post-interview submission of written interrogatories pursuant to the
procedure authorized by section 2(b) of article 38.071 is a meaningful and
effective substitute for in-court, sworn testimony, subject to face-to-face
confrontation and cross-examination in a criminal trial.[8]  

            The
Sixth Amendment guarantees the accused, in every criminal prosecution, the
right "to be confronted with the witnesses against him."  U.S. Const. amend.
VI.  This right
is secured for the defendant in state as well as federal criminal
prosecutions.  Pointer v. Texas, 380 U.S. 400, 404, 85
S.Ct. 1065, 13 L.Ed.2d 923 (1965). 
The Supreme Court has determined that this provision, commonly referred
to as the Confrontation Clause, bars "admission of testimonial statements
of a witness who did not appear at trial unless [the witness] is unavailable to
testify and the defendant has had a prior opportunity for cross-examination."  Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158
L.Ed.2d 177 (2004).  

            This right
of confrontation has further been construed to include not only the right to
face-to-face confrontation, but also to the right to meaningful and effective
cross-examination.  Davis v. Alaska, 415 U.S. 308, 315-316, 94
S.Ct. 1105, 39 L.Ed.2d 347 1974). 
Professor J. Wigmore has described the "main and essential
purpose" of confrontation to be the opportunity for cross-examination
through the process of putting direct and personal questions to the witness and
the obtaining of immediate answers.   5 J. Wigmore, Evidence § 1395, at 123 (3d ed.
1940).  Cross-examination is the
principal means by which an accused can test the credibility of a witness and
the truth of their testimony.  Davis, 415 U.S. at 316.  It provides the accused with a process
whereby the motivation for testifying or bias of a witness can be exposed to
truth-finding function of the trier of fact. 
Id.




Analysis

            Whether
a particular out-of-court statement is testimonial is a question of law.  De La Paz v. State, 273 S.W.3d 671, 680 (Tex.Crim.App. 2008).  Generally speaking, an out-of-court statement
is testimonial when the surrounding circumstances objectively indicate that the
primary purpose of the interview or interrogation is to establish or prove past
facts or events potentially relevant to later criminal prosecution.  Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266 165 L.Ed.2d
224 (2006); De La Paz, 237 S.W.3d at
680.    Error in admitting evidence in violation of a
defendant's right of confrontation is constitutional error, which necessitates
reversal unless the reviewing court determines beyond a reasonable doubt that
the error did not contribute to the conviction or punishment.  See
Tex. R. App. P. 44.2(a); Langham v. State,
No. PD-1780-08, 2010
Tex.Crim.App. LEXIS 21, at *34-35 (Tex.Crim.App.
March 3, 2010); Wood v.
State, 299 S.W.3d 200, 214 (Tex.App.--Austin 2009, pet. filed).  

            Here, the
primary purpose of the August 8th interview was to preserve a record of past
facts or events for purposes of a later criminal prosecution and the purpose of
the follow up interview was to comply with the requirements of article 38.071
for the admissibility of that original recording during that prosecution.  The accuracy and truthfulness of R.D.'s
statements were crucial to the State's case against Appellant.  In both situations, R.D.'s statements clearly
constitute testimonial hearsay for Confrontation Clause purposes.  

            Having determined that the videotaped
interviews were testimonial under the United States Supreme Court decisions in Crawford v. Washington and Davis v. Washington, this case
highlights the tension existing between the right of an accused to confront the
witnesses against him, as determined by decisions like Davis v. Alaska, and the State's policy of protecting child
witnesses in sexual assault cases from further trauma.  Despite serious concerns pertaining to the
reliability of child witness testimony, and notwithstanding the due process
significance of the right of confrontation of witnesses, the trend among courts
and legislatures has been to relax evidentiary and procedural requirements pertaining
to the admissibility of child witness testimony in child sexual abuse
prosecutions in an effort to balance these competing public policy interests.  Article 38.071 is such an attempt.  

            In Maryland v. Craig, 497 U.S. 836, 857,
110 S.Ct. 3157, 111 L.Ed.2d 656 (1990) the United States Supreme Court
recognized that the constitution does not guarantee the absolute right to
face-to-face confrontation.  In Craig, the Court approved certain
limitations on the right of confrontation, holding that states may use closed-circuit
television or other methods of confrontation short of "face-to-face
confrontation" where a court makes a case-specific finding that there is
potential for trauma to a child witness from testifying in open court, in the
presence of the defendant.  Id, at 857.  

            Here, Appellant
contends the trial court should have considered less restrictive alternatives
to the use of written questions in lieu of live, face-to-face
cross-examination.  A similar argument
was rejected by the Supreme Court in Craig
when the Court declined to establish "any such categorical evidentiary
prerequisite," so long as the trial court makes a case-specific finding
that the procedure employed was necessary under the facts of that particular
case.  Id. at 860.  

            Additionally,
whether a particular method of confrontation is deemed constitutionally
sufficient depends upon a determination as to whether the procedure adequately
ensures that the testimony is both reliable and subject to "rigorous
testing in the context of an adversary proceeding before the trier of
fact."  Id. at 845.  In this context, the Confrontation Clause is
generally satisfied when the defense is given a full and fair opportunity to
test the witness's recollection, sift his conscience, observe his demeanor,
judge the manner in which he gives his testimony, and make a reasonable
assessment of the credibility of the witness and the weight to be given his
testimony.  Id.   

            In Rangel v. State, the Fort Worth Court of
Appeals held that (1) a child victim's videotaped statement was
"testimonial" and therefore governed by Crawford, and (2) by providing a defendant with the opportunity to
submit written questions, section 2(b) of article 38.071 serves as a
constitutionally sufficient alternative to face-to-face confrontation of
witnesses.  Rangel v. State, 222 S.W.3d 523, 535-37 (Tex.App.--Fort Worth 2006,
pet. dism'd).[9] 

            While
the right to confront our accusers through face-to-face cross-examination is
not a right that is absolute and unbendable, it is a right that should not be quickly
or carelessly compromised.  Although
limited, section 2(b) of article 38.071 does provide the accused with a means
of testing the testimony of the witnesses against him through the submission of
cross-examination questions.  Where a
video recording of the child-witness is made, the fact finder is further
afforded the opportunity to observe the child's demeanor, judge the manner in
which he gives his testimony, and make reasonable assessments concerning the
weight and credibility of his testimony. 


            Furthermore,
it should be noted that article 38.071 does not disqualify the child from
testifying.[10]  It merely provides a means whereby a
videotaped interview of the child may be used when the trial court determines
that the child is "unavailable" based on certain relevant factors,
including the factors set out by article 38.071, § 8.  In those situations where the child is
physically available to be called as a witness, both the prosecution and the
defense are faced with the unenviable task of deciding whether to seek leave of
the trial court to call the child to the stand. 
Not only do they face the uncertainty of knowing how a child of tender
years might react to the pressure of being placed under the piercing spotlight
of interrogation, they also run the very real danger of seriously alienating
the fact finder (usually a jury) for having traumatized such a tender
witness.  In an attempt to find a
suitable solution to this Hobson's choice, while at the same time providing a
meaningful compromise between the defendant's right of confrontation and
society's interest in protecting young child victims from additional trauma
occasioned by placing them within the crucible of confrontation and
cross-examination in a courtroom setting, we find that the procedures governed
by section 2(b) of article 38.071 can be an appropriate constitutional accommodation.


            Here the trial court made a
case-specific determination, based upon competent testimony, that the child was
unavailable.  Appellant was accorded the
opportunity to, and did, submit questions to the child through the use of
written interrogatories under the procedure outlined by section 2(b).   Under the facts of this case, we find no
error in the trial court's decision to allow cross-examination through written
questions only.  Accordingly, we find no
error in the trial court's decision to allow the admission of R.D.'s videotaped
interview in face of Appellant's Confrontation Clause objection.  Issues two, three, and four are overruled.

Conclusion

            Having
overruled each of Appellant's issues, the judgment of the trial court is
affirmed.

                                                                                      Patrick A. Pirtle                                                                                                                                       Justice

Publish.











[1]See generally Tex. Code Crim. Proc.
Ann., art. 38.071 (Vernon Supp. 2009).  For convenience, articles of the Texas Code
of Criminal Procedure will subsequently be cited as Aarticle
___@
or AArticle
___@.

 





[2]See Tex. Penal Code Ann. § 22.021(a)(1)(B)(1) and (2)(B) (Vernon Supp. 2009).

 





[3]See Tex. Penal Code Ann. § 21.11 (a)(1) (Vernon Supp. 2009).

 





[4]See Tex. Penal Code Ann. § 3.03 (a) (Vernon Supp.
2009).

 





[5]To
protect the privacy of the complaining witness, we refer to her by her
initials.  

 





[6]"Cookie"
was R.D.'s word for her vaginal area.





[7]In
making a determination of unavailability under article 38.071, the court shall
consider relevant factors including the relationship of the defendant and the
child, the character and duration of the alleged offense, the age, maturity,
and emotional stability of the child, and the time elapsed since the alleged
offense, and whether the child is more likely than not to be unavailable to
testify because of: (1) emotional or physical causes, including confrontation
with the defendant; or (2) the child would suffer undue psychological or
physical harm through involvement at the hearing or proceeding. See Art. 38.071, § 8 (Vernon Supp. 2009).  





[8]To
date, the Texas Court of Criminal Appeals has not squarely addressed this
issue.  Although petition for
discretionary review was granted on a similar issue in Rangel v. State, 222 S.W.3d 523 (Tex.App.--Fort Worth 2006), that
petition was subsequently dismissed as improvidently granted.  Rangel v. State, 250 S.W.3d 96 (Tex.Crim.App. 2008).  Rangel's ground for discretionary review read
as follows:

 

Whether
[Rangel's] Sixth Amendment rights were violated when the unavailable
complainant's testimonial hearsay statements were admitted into evidence
pursuant to statutory authority. [Article 38.071, § 2(b)].





[9]See
n. 8 supra.

 





[10]Section
6 of article 38.071 does provide that the child may not be required to testify in court if the trial court finds the testimony
of the child taken under sections 2 or 5 of that article is admissible into
evidence.  However, even if the child's
testimony taken under those sections is admitted into evidence, a trial court
may still allow the child to testify upon a finding of good cause.  Because we are not presented with the
question of whether the trial court in this cause erred by denying the accused
the right to call the child as a witness, we express no opinion as to whether
or not the denial of a defendant's right to call the complaining witness as a
witness at trial would affect the defendant's due process rights or the
constitutionality of limiting his right of confrontation.








          Justice

 

Do not publish.

 

            








 











[1] Tex. Health & Safety Code Ann.
§ 481.115(d) (West 2010).  The
offense is a second degree felony punishable by imprisonment for a term of not
more than 20 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. §
12.33 (West Supp. 2010). 





[2]  The recited
constitutional bases for the challenge are the Fourth Amendment to the United
States Constitution and Article 1, § 9 of the Texas Constitution.  We address the arguments under the two
constitutions jointly because they were not separately briefed by appellant.  See
Riddle v. State, 888 S.W.2d 1, 7-8 (Tex.Crim.App.
1994).





[3] The previously-applied factual
sufficiency standard considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury’s verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury’s
verdict is against the great weight and preponderance of the evidence.  Grotti v. State, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); Watson
v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006).  Under that standard, the
ultimate question is whether, considering all the evidence in a neutral light,
the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Grotti, 273 S.W.3d at 283.  Even had we applied such a standard to review
of the evidence, we could not sustain appellant's contention.  From our review of the entire record, the
finding of appellant’s guilt was neither clearly wrong and
manifestly unjust nor against the great weight and preponderance of the
evidence.





[4]  As noted,
ownership or the right of possession of the place where drugs are found is a
factor affirmatively linking an accused with the contraband.  Jennings v. State, 07-08-0448-CR, 2010 Tex. App. Lexis 1150, at *9
n.6 (Tex.App.--Amarillo Feb. 9, 2010, no pet.)
(mem. op., not designated for publication) (citing Beall v. State,
237 S.W.3d 841, 850 (Tex.App.--Fort Worth 2007, no
pet.)).  

 





[5]  When viewed in
the light most favorable to the verdict, appellant’s presence, before and after
the arrival of police, in the hotel room she rented is a factor linking her to
the cocaine.  See Isham v. State, 258 S.W.3d 244, 248,
249 (Tex.App.--Eastland 2008, pet. refused)
(defendant was present but attempted to leave).